IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR, | * * * * | |
| Plaintiff, | * * | 4:15-cv-00136 |
| v. | * * | |
| LI YING LI and JIAN YUN ZHENG, individually; KING BUFFET OF IA, INC., d/b/a KING BUFFET; KING BUFFET OF AMES, INC.; BUFFET MONGOLIAN GRILL, INC., d/b/a MONGOLIAN BUFFET; and STEAK BUFFET, INC., | * * * * * * * | CONSENT JUDGMENT |
| Defendants. | * * | |

Plaintiff having filed his Complaint, and Defendants Li Ying Li and Jian Yun Zheng, individually; King Buffet of IA, Inc., doing business as King Buffet; King Buffet of Ames, Inc.; Buffet Mongolian Grill, Inc., doing business as Mongolian Buffet; and Steak Buffet, Inc., ("Defendants") having agreed to the entry of this judgment without contest;

It is, therefore, upon motion of counsel for Plaintiff, and for cause shown:

ORDERED, ADJUDGED, and DECREED that Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of sections 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*), hereinafter called the Act, in any of the following manners:

1. Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, fail to pay to their employees employed in their enterprise engaged in commerce or in the production of goods for commerce wages at rates not less than $7.25 an hour, or any rate subsequently made applicable by amendment to the Act.

2. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees in their enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours without compensating such employee for his or her employment in excess of forty (40) hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendant shall not, contrary to sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve adequate and accurate records of their employees, and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act (29 C.F.R. § 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

4. Defendants shall not, contrary to the provisions of section 15(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding.

5. Defendants are hereby restrained from continuing to withhold unpaid minimum wage and overtime compensation due to the employees named in Exhibit A, attached hereto, in the amounts set forth opposite their names.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff shall recover from Defendants the sum of $90,000.00 (Ninety-Thousand Dollars and 00/100) in unpaid minimum wage and overtime compensation for Defendants' employees.

IT IS FURTHER ORDERED that Defendants shall tender a down payment of $50,000.00 (Fifty-Thousand Dollars and 00/100) to the Plaintiff's representative at the Des Moines District Office of the Wage and Hour Division, 210 Walnut Street, Room 643, Des Moines, IA 50309-2407, within thirty (30) days after the entry of this Consent Judgment.  The remaining $40,000.00 (Forty-Thousand Dollars and 00/100) shall be paid as twenty-four (24) monthly payments of $1,666.67 per month.  These payments shall commence on the first day of the month following the month in which the initial down payment is made and shall continue on the first day of every month thereafter until the balance is paid in full.  There shall be no penalty for prepayment of the remaining balance, and Plaintiff will assess no interest on the remaining balance.  Along with the first payment, Defendants shall include a list of social security numbers and last known addresses for all employees listed in Exhibit A.

Upon receipt of full payment from Defendants, Plaintiff's counsel shall file with the Court a satisfaction of judgment, and representatives of the Plaintiff shall distribute such amounts to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the Act.  Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by Plaintiff.

Any sums not distributed within a period of three years from the date of this judgment because of inability to locate the proper persons or because of such person's refusal to accept the sum[s] sought to be distributed shall be deposited into the Treasury of the United States.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, an employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money, whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the Act; nor shall Defendants or any one acting on their behalf retaliate against any employee recovering back wages under this Judgment by paying said employee at an hourly rate that is less than the regular hourly rate presently paid to such employee or that is presently set or established by Defendants for the job titles or duties such employee is performing or will be assigned to perform.  Defendants will not raise an employee's immigration status as a defense to the payment of the back wages in any suit alleging such retaliation.

IT IS FURTHER ORDERED that each party shall bear his or her or its own costs, fees, and other expenses incurred by such party in connection with any stage of this proceeding.

Dated this 14th day of September, 2018.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT